## No. 25401

### Joe Segura v. District Court for the Tenth Judicial District, Philip S. Cabibi, Judge
(498 P.2d 926)

Decided June 19, 1972.

Donald P. MacDonald, T. Michael Dutton, Deputy State Public Defender, for petitioner.

Carl Parlapiano, District Attorney, Cecil L. Turner, Chief Deputy, Daniel J. Sears, Deputy, for respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21 in which petitioner, Joe Segura, has challenged the jurisdiction of the District Court for the Tenth Judicial District and Honorable

Philip S. Cabibi, one of the judges of that court, to resentence him under the circumstances herein set forth.

The petitioner was convicted of first-degree murder in 1964, the jury fixing the penalty at death pursuant to C.R.S. 1963, 40-2-3(1), which in pertinent part provided:

". . .The jury before which any person indicted for murder shall be tried, shall, if it find such person guilty thereof, designate by its verdict whether it be murder of the first or second degree, and if murder of the first degree, the jury shall in its verdict fix the penalty to be suffered by the person so convicted, either at imprisonment for life at hard labor in the penitentiary, or at death; and the court shall thereupon give sentence accordingly."

The trial court entered judgment on the verdict. This court affirmed the conviction. *Segura v. People,* 159 Colo. 371, 412 P.2d 227. In *Segura v. Patterson,* 402 F.2d 249 (10th Cir. 1968), the petitioner challenged our decision denying post-conviction relief. Both the conviction and sentence were affirmed. Thereafter, the United States Supreme Court granted certiorari and reversed the Tenth Circuit Court of Appeals' decision "insofar as it imposes the death sentence" and remanded the case to the Court of Appeals for further proceedings. 403 U.S. 946, 91 S.Ct. 2280, 29 L.Ed.2d 856.

The Court of Appeals in a per curiam opinion remanded the case to the United States District Court for the District of Colorado (Case No. 9998, not published) with directions that the state of Colorado be given the option of determining whether to "(1) resentence the defendant to a sentence not to exceed life imprisonment without a retrial on the issue of guilt, provided such procedure is appropriate under Colorado law, or (2) vacate the appellant's conviction and sentence and retry him."

Upon remand by the United States District Court to the respondent court, the petitioner was resentenced to life imprisonment. The sentence was imposed on December 16, 1971, to take effect five days thereafter.

■ The United States Supreme Court invalidated the death sentence on the sole ground that the jury was selected

in a manner contrary to the guidelines of *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. In *Segura v. Patterson, supra,* and *Bumper v. North Carolina,* 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, as well as in *Witherspoon,* it is clear that improper inquiries on *voir dire* as to a prospective juror's moral or philosophical views regarding the death penalty do not infect a jury's guilt determination with constitutional invalidity.

As indicated, the petitioner has consistently maintained that his death sentence is unconstitutional under *Witherspoon.* The petitioner contends that his right to an impartial jury was violated when the court sustained the prosecution's challenge for cause of all prospective jurors opposed to capital punishment. In *Bumper v. North Carolina, supra,* the court held that a jury so selected was not necessarily "prosecution prone" and declined to reverse the conviction on that ground. Likewise in *Witherspoon* and, inferentially, in *Segura,* the same result obtained.

■ In the 35(b) proceeding before the respondent court, petitioner asked that court "to vacate, set aside or correct the sentence, or make such order as necessary to correct a violation of his constitutional rights." By this demand he invoked the court's jurisdiction to act in the premises. The trial court had jurisdiction at that time, as well as at the time of the trial on the merits. And upon reversal of the death penalty and the remand to the respondent court by the federal courts, it again had jurisdiction of the case. Not only did the court have jurisdiction of the subject matter, it had jurisdiction of the person of the defendant.

The defendant employed Crim. P. 35 to challenge the constitutionality of the death sentence meted out to him by the court pursuant to the mandate of 40-2-3(1).

Crim. P. 35 in pertinent part provides:

"(a) The court may correct an illegal sentence at any time. . . .

"(b) A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the Constitution or laws of Colorado,

or of the Constitution of the United States,. . . or that the sentence was in excess of the maximum sentence authorized by law,. . . may file a motion at any time in the court which imposed such sentence *to vacate, set aside or correct the sentence, or make such order as necessary to correct a violation of his constituitonal rights. . . ."* (Emphasis added.) The petitioner claimed the death sentence was unconstitutional under *Witherspoon.* In doing so, he asked the court to vacate, set aside or correct the sentence and thereby invoked the court's power to act in the premises.

Petitioner now contends that the respondent court is without jurisdiction to resentence him because the only statutory provisions for sentencing one convicted of first-degree murder require that the determination be made by the jury. See 40-2-3(1) above. Accordingly, petitioner seeks relief in the form of a new trial on the issues of both his guilt and punishment, or, in the alternative, that he be ordered unconditionally released.

Petitioner's argument is premised on *Jones v. People,* 155 Colo. 148, 393 P.2d 366, and *People ex rel. McKevitt v. District Court,* 167 Colo. 221, 447 P.2d 205. The precise issue before us here was not present in *Jones* and *McKevitt.* In view of our resolution of the problem, we do not deem it appropriate to discuss those cases nor to distinguish them from the one at bar.

Rule 35(b) further directs that,
". . .If the court finds,. . . that the sentence imposed was *illegal,. . .* or that *there was a violation of the prisoner's constitutional rights. . .* the court shall vacate and set aside the judgment, impose a new sentence, or grant a new trial, or discharge the prisoner, or make such orders as may appear appropriate to restore a right which was violated. . . ." (Emphasis added.)

As a result of the proceedings initiated by the petitioner in the respondent court, it was ultimately determined by the highest court in the land that the *sentence* of death imposed by the judgment of the trial court was *illegal* by reason of *a violation of the petitioner's constitutional rights.* The same

court upheld that part of the judgment relating to the issue of guilt. As noted, the respondent court under the mandate of the United States Court of Appeals had two courses of action available to it. It opted for "(1) to resentence the defendant to a sentence not to exceed life imprisonment without a retrial on the issue of guilt, provided such procedure is appropriate under Colorado law."

■ The only sentences which a court is empowered to impose under the law of this state for first-degree murder are death and imprisonment for life.

■ In this case, since the United States Supreme Court affirmed the *guilt* verdict, and invalidated the *punishment* portion of the verdict, only because the jury was not constitutionally qualified to fix the death penalty, the sole alternative under 40-2-3(1) as to punishment available to the jury was life imprisonment. This being the fact, the entry by the respondent court of such a judgment was a mere *ministerial act* within the power and authority of the trial judge under the terms and within the contemplation of Crim. P. 35.

In *Frady v. United States,* 348 F.2d 84 (U.S.C.A. D.C. Cir.), where the court affirmed the guilt verdict, but reversed the jury's recommendation of the death penalty, the appeals court itself directed the trial court to enter a judgment imposing a sentence of life imprisonment, explaining (from concurring opinion of Fahy, J.):

"But since only one sentence other than death is possible under the statute itself, life or death dependent upon jury action which in these cases was not correctly guided, resulting in death sentence which cannot be sustained, the appropriate solution is for this court, acting under Section 2106, to direct the entry of the only alternative sentence permitted by law. Since it is not possible to reconstruct the situation as it might have been but for the errors referred to, or to leave the death sentence in effect, resort is had to the punishment of life imprisonment, the only alternative. This, to quote the language of Section 2106, is "just under the circumstances."

By employing the procedure authorized by Crim. P. 35 of vacating the sentence found to be *illegal* and *in violation of the prisoner's constitutional rights* and substituting a sentence of life imprisonment therefor, the respondent court imposed the judgment which would have been imposed had the jury in fact returned the only verdict it was qualified to return under the circumstances — a life sentence. Consequently, the judgment of conviction and the sentence conform to the dictates of the statute to the greatest extent possible under the record as it was presented to the court upon remand.

The rule heretofore issued is discharged.